Parker, J.
I did not hear the argument of this case at the last term, but I have considered it at this, and fully concur in the opinion of judge Brochenbrough.
Tucker, P.
This case was argued at the last term before my brethren Cabell, Carr and Brochenbrough, and is now brought on again in consequence of the death of judge Carr. He has left a very laborious and able review of the english cases on the subject of the right of a party to take a new execution after an' escape; and *559 lias proved most satisfactorily that the case of Basset v. Salter, in 2 Modern 136. is untruly reported. To this review I beg leave to refer, as it fully sustains and entirely concurs with the opinion I always entertained of that case. I ask also of the goodness of the reporter to insert it in a note.*
I will only add a reference to Cro. Car. 240, 255. 1 Salk. 271, 2 Lutw. 1264. from which, as well as from the general terms of the scire facias, it is to be fairly inferred that the award or judgment on the scire facias was that the plaintiff might take out any species of execution at pleasure. The scire facias issues precisely as if there never had been a ca. sa. issued, and the defendant pleads the ca. sa. to which the plaintiff replies the escape. 2 Lutw. 1264.
But although I altogether concur with our late highly esteemed colleague in his criticisms upon the case of Basset v. Salter, and in the position that until the statute of Will. 3. the creditor could not, after an escape, take out any other execution without the authority of the court (except perhaps a ca. sa. — as to which the authorities are not very clear) and though J admit that in the authorities quoted, the remedy of the creditor at common law is said to be by scire facias quare execulionem habere non debet, yet I am of opinion that the remedy by motion is equivalent, and may be resorted to in lieu of the scire facias. It is certainly true that where the right of a party to sue out a new and different execution depends upon matter ex post facto to that which was first issued, the creditor can never proceed until this mailer has passed under review of the court, and been fairly adjudicated, except where some statute has otherwise expressly provided. He cannot be permitted to take' the law into his own hands, and sue out a new execution at his own discretion. His right to sue it out arises from the tortious escape of his debtor from exe *560 cution without satisfying the debt. It is proper then to bring the matter before the court, that the defendant may havd an opportunity to contest his right; for he may be able to shew either that he has paid the debt, or that he has escaped with the creditor’s consent, in either of which cases the debt is discharged. But this matter can as well be tried upon motion as upon a scire facias, and though perhaps the motion could not be substituted for the scire facias to revive a judgment which has run out of date or been abated by death, because that is the remedy prescribed for those cases by statute, yet where, as in this case, the scire facias is the creature of the court, and moulded by it to meet the exigencies of justice, it is within its power and discretion to substitute the motion for it. Of its powers in this respect we have an instance in the audita querela, the office of which is now supplied, partly by the motion, and partly by an injunction in chancery. So where, after judgment against two, one dies, it was formerly held that an execution (containing a suggestion of the death of one) could not issue against the other without a scire facias; but the modern practice is otherwise, and even a suggestion on the roll is deemed sufficient. Tidd’s Practice 1028. Sellon’s Practice 578, 2 Ld. Raymond 808. So too upon a reversal on a writ of error, where the debt was paid by the defendant before the writ of error was sued out, a scire facias was the regular mode of getting an award of restitution. Tidd 1137. But with us, a motion to the court of error, where the payment appears of record, supersedes the necessity of the writ of scire facias; and where the pay-ment does not appear, the defendant may proceed either by scire facias or rule in the court below. Eubank et. al. v. Ralls’s ex’or, 4 Leigh 308. And to this rule a motion on notice is equivalent. So too the motion with us has superseded in practice the writ of error coram nobis. Gordon v. Frazier &c. 2 Wash. 130. And indeed it *561 lias become so familiar and common a mode of proceeding with us, that in many cases it has (by legislative provision indeed) been substituted for the regular action at common law. Thus motions lie against sheriffs, attorneys &c. and are the proper remedy in cases of forthcoming bonds and irregular executions, which may be quashed and new process awarded upon motion. Indeed it is found so convenient a remedy, that it. is daily extended; and as a jury may be always sworn to try any fact, in the discretion of the court, there seems no substantial difference between a motion upon notice for a new execution, and the scire facias to shew cause why a new execution should not issue. I am well satisfied that it has been the common mode of proceeding in our courts, and I think it a very convenient practice, being less cumbrous, more speedy and less expensive. Upon the whole, therefore, I am of opinion to reverse tiie judgment of the superiour court, and to affirm that of the county court.

 See the opinion in a note at tlie end of this case.